NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EUGENE DOKES, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

---

2024-1535

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-17-0085-I-3.

---

Decided: December 9, 2024

---

EUGENE DOKES, Murrieta, CA, pro se.

RAVI DHANANJAYEN SOOPRAMANIEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

PER CURIAM.

Eugene Dokes, Jr., petitions pro se for review of a decision of the Merit Systems Protection Board ("Board") denying his petition for review and affirming an initial decision of an administrative judge of the Board that sustained Mr. Dokes's termination. We *affirm*.

## BACKGROUND

Mr. Dokes served in the U.S. Navy from 2000 to 2003, when he was honorably discharged after suffering a gunshot wound while he was on active duty. This wound was apparently sustained during a burglary committed by another person. Shortly after his discharge, Mr. Dokes was diagnosed with post-traumatic stress disorder ("PTSD") said to be caused by the shooting. He began collecting service-connected disability benefits from the Department of Veterans Affairs. In 2005, Mr. Dokes applied for and subsequently began receiving disability benefits from the Social Security Administration. He continued to receive Social Security benefits through January 2013.

Mr. Dokes began working for the Food and Nutrition Service of the U.S. Department of Agriculture ("USDA") in October 2014. He held the position of Program Specialist, in which he authorized and reauthorized retailers' participation in the Supplemental Nutrition Assistance Program.

On December 10, 2015, a grand jury in the Eastern District of Missouri indicted Mr. Dokes and his wife on four counts of Social Security fraud in violation of 18 U.S.C. § 641 during the period from 2006 through 2013, before his USDA employment.

Mr. Dokes pled guilty to all four counts and agreed that the government would have been able to prove at trial the fact that, while receiving Social Security disability payments, he embarked on various professional endeavors inconsistent with his claim that PTSD rendered him

unemployable. These included, among other activities, becoming a real estate agent, starting an investment company (and other companies), authoring two books, serving as a public official in the State of Missouri, and running as a candidate for the Missouri House of Representatives.

Mr. Dokes did not advise the USDA of his guilty plea. But one of his coworkers brought the case to the attention of USDA officials after learning of Mr. Dokes's criminal prosecution and guilty plea from a local news broadcast. Mr. Dokes was placed on administrative leave.

Thereafter, on September 19, 2016, in his criminal proceeding, Mr. Dokes was sentenced to five years of probation and ordered to pay restitution in the amount of $45,835.60. On October 25, 2016, the USDA terminated him based on a single charge of "Conduct [U]nbecoming a Federal Employee." S. App'x 112.[1] In its termination notice, the USDA explained that Mr. Dokes's position as a Program Specialist was one of "public trust," and concluded that his "actions reflect[ed] poorly on the Agency's reputation," in addition to "call[ing] into question [his] fundamental credibility and trustworthiness." S. App'x 113. Also pertinent to the USDA's decision was the fact that "the Agency learned of [Mr. Dokes's] case during an evening news broadcast," not from his self-reporting to the USDA. S. App'x 113. The deciding official at USDA noted that she had considered Mr. Dokes's PTSD but determined that the seriousness of his condition did not "change the fact that [he was] convicted of fraudulently obtaining [S]ocial [S]ecurity benefits . . . by making false statements." S. App'x 113.

---

[1]     Citations to "S. App'x" are to the supplemental appendix filed by the government.

Mr. Dokes appealed the USDA's decision to the Board. On June 26, 2018, an administrative judge issued an initial decision affirming the USDA's termination decision. The initial decision rejected Mr. Dokes's claims of procedural error and found that the USDA proved by a preponderance of the evidence the charge of conduct unbecoming a federal employee, a nexus between the charged misconduct and Mr. Dokes's position, and the appropriateness of termination as a penalty for the misconduct. The full Board denied Mr. Dokes's petition for review and affirmed the initial decision on January 19, 2024.

Mr. Dokes seeks review from this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may disturb the judgment of the Board only if its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's fact findings are reviewed for substantial evidence, and we give no deference to its determinations on matters of law. *See Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1322 (Fed. Cir. 2021). The petitioner "bears the burden of establishing error in the [Board's] decision." *Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (quoting *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998)).

Mr. Dokes principally argues that the Board abused its discretion by refusing to permit him to present evidence concerning his PTSD, which "could have affected the outcome of [this] case." Pet'r Informal Br. 2. In his reply, Mr. Dokes suggests that neither the USDA nor the Board considered his PTSD as a mitigating factor for his misconduct. He further faults the Board for allegedly

permitting the USDA to "submit late evidence" without providing him sufficient opportunity to respond. *Id.*

These arguments are without merit. Mr. Dokes fails to show that the Board did not consider his evidence or arguments regarding his PTSD, or that the USDA failed to do so. Indeed, the Board's decision expressly rejected Mr. Dokes's PTSD argument, while at the same time observing that the USDA also rejected Mr. Dokes's contention that his PTSD diagnoses should serve as "a mitigating factor." S. App'x 41–43.

As for Mr. Dokes's claim that the Board erred by allowing the USDA to file evidence "18 months late," Pet'r Informal Br. at 2, Mr. Dokes takes issue with the USDA's supposedly late filing of certain documents it relied upon to terminate him, which the Board ordered the USDA to submit. It appears that Mr. Dokes possessed those same documents and, indeed, included them in his initial appeal to the Board. Mr. Dokes has failed to show any error that "caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012) (quoting *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988)). "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the [B]oard and its officials." *Id.* Thus, there is no merit to Mr. Dokes's claim that he was deprived of an adequate opportunity to respond to new, belatedly introduced evidence.[2]

---

[2]    We likewise find no merit in Mr. Dokes's additional argument, raised explicitly before the Board but only implicitly before this court, that the USDA improperly terminated him before he had exhausted his criminal appeals and postconviction proceedings. There is no requirement for an agency to wait for an employee to

We have considered the remainder of Mr. Dokes's arguments and find them unpersuasive.

**AFFIRMED**

Costs

No costs.

---

exhaust challenges to a conviction before the agency may terminate the employee. In fact, the governing statutes suggest the opposite, providing that an employee must be given "at least 30 days' advance written notice [prior to removal], unless there is *reasonable cause to believe the employee has committed a crime* for which a sentence of imprisonment may be imposed," in which case the employee is entitled only to 7 days to respond to the proposed agency action. 5 U.S.C. § 7513(b) (emphasis added).